# CARROLL,

## JUNE TERM, A. D. 1860.

---

### CARROLL COUNTY BANK *v.* GOODALL.

Where service was made upon the principal defendant in one county, and an attested copy of the writ sent to a sheriff of another, who left it with the trustee, and made a return of what he had done upon another copy, upon motion for leave to amend this return, by indorsing it upon the original writ — *Held*, that the writ, not having been committed to him, the officer had no authority to make any service, and the motion was denied.

THIS is a motion to amend the return of service upon the trustee in a foreign attachment, and the grounds of the motion sufficiently appear in the opinion of the court.

*Carpenter*, for the trustee, contended that the amendment would not be according to the fact, in stating that the officer acted by " virtue of the writ," when in truth the writ was never delivered to him; nor had the officer any means of stating that he gave a true or attested copy. To the point that no amendment should be made unless it accorded with the fact, he cited *Bean* v. *Thompson*, 19 N. H. 250; *Cass* v. *Bellows*, 31 N. H. 501. To the point that the attestation of a sheriff will avail only within his limits, he cited *Arnold* v. *Tourtellet*, 13 Pick. 172, and Comp. Stat., ch. 189, sec. 9; and to the point that an officer can make no legal return except upon and in obedience to a returnable process, duly issued, he cited *Davis* v. *Clement*, 2 N. H. 390; *Angier* v. *Ash*, 26 N. H. 99.

*Beane*, and *J. P. Hale*, for the plaintiff.

BELLOWS, J. The material facts in this case would seem to be that the writ was delivered to Asa Martin, a deputy of the sheriff of Grafton county, for service upon the principal, the trustee residing in Rockingham county : that Morse, a deputy of the sheriff of Rockingham county, received a copy of the writ, attested, or purporting to be attested, officially, by Asa Martin : that he gave this copy to the trustee, and upon a copy taken from it by him, made return of his doings, stating that by virtue of the writ, *Carroll County Bank* v. *Ira Goodall & al.*, principals, and *S. H. Goodall*, trustee, he had attached the money, goods, &c., of Ira Goodall, in the hands and possession of the trustee, and had given him a copy of the writ, attested by Asa Martin as deputy sheriff. This return having been made upon a copy, the motion now before us is to allow it to be made by way of amendment upon the original writ, with an explanation, setting forth the facts alleged to be shown by the affidavits. But we are inclined to hold that the motion ought not to be granted.

At the time of the service, the trustee resided in this State, and there is no provision in the law for a service upon him by any other person than the legal officer. When the defendant lives out of the State, and his property is attached, the sheriff making the attachment, or any other person in the State where he resides, may complete the service by giving to the defendant an attested copy. This is not an official act, but must be proved by affidavit, as in case of notice by publication in a newspaper. But when the defendant lives in New-Hampshire, the service must be by a legal officer, by virtue of the precept committed to him, and proved by his official return upon such precept, and upon his official responsibility. In this case no writ had been delivered to Morse, and he, therefore, had no authority to attach this property in the hands of the trustee in this mode, any more than to attach real estate or personal property in the usual way. And we

hold that until the writ is delivered to him, the officer has no authority to make service in any way. From the very nature of the case it must be so, his whole authority being derived from the precept. And in accordance with this are all the forms of justification under process, and when the service is made by the sheriff's officer in England, the making and delivery of the warrant is alleged. 3 Ch. Pl. 1082. In *Green* v. *Jones*, 1 Saund. 297, where it was alleged that the arrest was made by virtue of a writ and warrant, it was held that it would be presumed that the delivery of the writ was before the arrest, but if otherwise, the plaintiff should reply and not demur. See also for a statement of the practice, 1 Saund. 299, note 6; Com. Dig., Pleader, 3 M, 24. In the case of *Pemigewassett Bank* v. *Burnham*, 5 N. H. 275, the officer attaching real estate sent the copy by a third person to the town-clerk's office, and made the usual return that he had left a copy, &c. In an action for a false return it was held that the service was sufficient. But in that case the clerk's office was within the officer's precinct, and the return was made by the one who had the precept. But that is no authority for this case, for here the sheriff having the writ returns no service upon the trustee; nor has he the power to do so, as he was beyond his precinct; *Arnold* v. *Tourtellet*, 18 Pick. 172; and beside we think the court would not be inclined to extend the application of the principle of the *Bank* v. *Burnham*.

Looking then at what was actually done, the service upon the trustee was not sufficient, and it follows, of course, that the sheriff cannot now be permitted to make a return that will be sufficient. To allow the amendment would be to assume that the officer acted by virtue of the writ upon which the return is made, and this for the reasons assigned, was not the fact. And inasmuch as such a return as the officer can properly make would avail nothing, the                *Motion must be denied.*